IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHILLIPS 66 COMPANY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 24-2914 |
| | : | |
| **1842 RIDGE AVE LLC** | : | |

## MEMORANDUM with
## Findings of Fact and Conclusions of Law

**KEARNEY, J.**                                                                                                 **December 10, 2024**

      We today address a Philadelphia gas station using CONOCO trademarks and trade dress without the consent of the owner of the CONOCO trademarks and trade dress. We permanently enjoined the gas station from using CONOCO trademarks and trade dress two months ago. The gas station ignored our Order. The trademark and trade dress owner, Phillips 66 Company, now move for contempt to enforce our October 10, 2024 Order enjoining 1842 Ridge Ave. LLC from using CONOCO trademarks and trade dress without authorization. We grant Phillips 66's Motion for contempt after an evidentiary hearing confirming effective service and continued use of trademarks and trade dress without permission. Phillips 66 may now remove and paint over the infringing material.

      **I.**     **Background adduced from the evidence.**

      1842 Ridge Ave. LLC has an interest in a gas station in Philadelphia. Despite having no ongoing relationship with Phillips 66 or the CONOCO brand, 1842 Ridge Ave. operated a station meant to look like a CONOCO gas station, complete with two high-rise CONOCO signs, CONOCO gas pumps, and red and white coloring reminiscent of CONOCO trade dress.[1] Phillips 66 owns this trademark and trade dress as valued assets.[2] It repeatedly asked 1842 Ridge Ave. remove trade dress from the site before suing.[3] 1842 Ridge Ave. did not do so. Phillips 66 sued

1842 Ridge Ave. seeking money damages and injunctive and declaratory relief under federal trademark law for unauthorized use of Phillips 66's trademarks at 1842 Ridge Ave.'s gas station. Phillips 66 alleged trademark and trade dress infringement, counterfeiting, and unfair competition under the Lanham Act.[4]

Phillips 66 effected service.[5] 1842 Ridge Ave. failed to enter an appearance or answer the Complaint by August 21, 2024. We provided 1842 Ridge Ave. additional time—until September 12, 2024—to respond to the Complaint, but it never did so.[6] Phillips 66 requested a default on September 17, 2024.[7] We entered default against 1842 Ridge Ave. on liability on September 17, 2024 and ordered an evidentiary hearing for October 24, 2024 to determine the precise amount of damages, punitive damages, and attorney's fees and provide 1842 Ridge Ave. an opportunity to be heard.[8] Phillips 66 served our Order on 1842 Ridge Ave.[9] Phillips 66 then moved to modify its requested remedies and adjourn our damages hearing: Phillips 66 abandoned its request for money damages and asked only for equitable relief.[10] We granted its motion in part on October 1, 2024 and struck Phillips 66's demand for money damages, adjourned the evidentiary hearing, reserved our continuing review of Phillips 66's request for permanent injunctive relief, and required Phillips 66 to serve our Order on 1842 Ridge Ave.[11] Phillips 66 served our Order on 1842 Ridge Ave in early October.[12] We provided 1842 Ridge Ave. an opportunity to respond until October 9, 2024 but it never did.[13]

We ordered judgment in favor of Phillips 66 and permanently enjoined 1842 Ridge Ave. from further use of the trademarks and trade dress at issue on October 10, 2024.[14] We specifically enjoined 1842 Ridge Ave. from "using CONOCO Marks & Trade Dress, any element thereof, and any other name, mark, or trade dress confusingly like the CONOCO Marks & Trade Dress" with notice the marks and trade dress included (1) the mark CONOCO; (2) the CONOCO Capsule

Device and the Road Design Logo; and, (3) "a 45-degree angle red and silver striping on the canopy and fuel dispenser valences, a canopy and fuel island design including red and silver striping on the poles, and other distinctive components[.]"[15] We provided images for reference.[16] Phillips 66 served our Order on 1842 Ridge Ave. in late October.[17] We gave 1842 Ridge Ave. until November 11, 2024 to comply with our Order.[18] It did not do so.

Phillips 66 moved for contempt on November 18, 2024 alleging continued use of CONOCO trademarks and trade dress.[19] Phillips 66 offered sworn declarations detailing attempts to serve defendant and photographic evidence of continued infringement.[20] We ordered a hearing on Phillips 66's contempt Motion for December 10, 2024.[21] No one appeared on 1842 Ridge Ave.'s behalf at the hearing despite the Clerk of Court and Phillips 66 providing notice of the hearing.[22]

**II.    Findings of fact**

We issue findings of fact and conclusions of law warranting a contempt finding after evaluating clear and convincing evidence:

1. 1842 Ridge Ave. owns a gas station located at 1840 Ridge Ave, Philadelphia, PA 19121 which, as of July 2024, prominently featured CONOCO Marks and Trade Dress without authorization from Phillips 66.[23]

2. Phillips 66 served 1842 Ridge with the Complaint in this case on July 31, 2024.[24]

3. Phillips 66's investigator Stuart Drobny visited the gas station three times after suit to determine efforts in removing the trademark and trade dress.[25]

4. Investigator Drobny first visited the site on September 24, 2024 following the entry of default but before entry of a permanent injunction.[26] 1842 Ridge Ave. did not remove the trade dress from the site and Investigator Drobny observed CONOCO gas pumps and poorly covered CONOCO high rise signs at the site.

5. 1842 Ridge Ave. moved the CONOCO gas pumps into a steel fence enclosure on the property, but the CONOCO trade dress remained visible to the public through large openings in the enclosure fence as demonstrated in Investigator Drobny's photographs from the infringing site admitted at Exhibit 1 during our hearing.

6. 1842 Ridge Ave. covered the CONOCO high rise signs at the site with thin tarps bearing the word "UNITED" with a flame logo but the three-dimensional CONOCO signage underneath the tarp remained plainly visible to the public as demonstrated in Investigator Drobny's photographs from the infringing site also admitted at Exhibit 1.[27]

7. Investigator Drobny again visited the site on November 14, 2024, after our October 10, 2024 Order permanently enjoining 1842 Ridge Ave. from use of the trademark and trade dress.[28]

8. Investigator Drobny swore no change to the site following our permanent injunction order.[29]

9. Investigator Drobny photographed the high rise signs, CONOCO red and silver trade dress on the poles supporting the high rise signs, and the CONOCO pumps admitted at Exhibit 2.[30]

10. Investigator Drobny again visited the site on December 9, 2024, the day before our evidentiary hearing.[31]

11. Investigator Drobny swore no changes at the site since his November 14, 2024 pictures.[32]

12. Investigator Drobny again photographed the site of the high rise signs, CONOCO red and silver trade dress on the poles supporting the high rise signs, and the CONOCO pumps admitted at Exhibit 3.[33]

4

### III.  Conclusions of Law.

13. Civil contempt is "remedial, and for the benefit of the complainant."[34] Civil contempt sanctions are calculated "to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience."[35]

14. We must find "(1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order."[36] These elements "must be proven by 'clear and convincing evidence,' and ambiguities must be resolved in favor of the party charged with contempt."[37]

15. Before a finding of contempt is made, "due process . . . require[s] notice and a hearing . . . so that the parties 'have an opportunity to explain the conduct deemed deficient . . . and that a record will be available to facilitate appellate review.'"[38] Once parties have notice contempt proceedings have been instituted against them they may waive their right to be present at the contempt hearing by "fail[ing] to avail [themselves] of the opportunity at a meaningful time and in a meaningful manner for a hearing."[39]

16. A party who is absent from the contempt hearing may still be held in contempt as long as the party had adequate notice of the proceedings and waives the right to be present by failing to avail themselves of the opportunity to be heard.[40]

17. 1842 Ridge Ave. did not appear at the hearing after notified of this hearing by the Clerk of Court and Phillips 66.

18. 1842 Ridge Ave. had adequate notice of the contempt hearing and our Order to appear as required by due process.

19. A contempt order may only be entered after we find by clear and convincing evidence "(1) a valid court order existed, (2) the defendant had knowledge of the order, and (3) the defendant disobeyed the order."[41]

20. We find clear and convincing evidence a valid court order in our October 10, 2024 Order enjoining 1842 Ridge Ave. from using Phillips 66's trademarks as detailed therein.[42]

21. We find clear and convincing evidence 1842 Ridge Ave. knew of this Order based on the sworn declaration detailing Phillips 66's efforts to serve our Order on 1842 Ridge Ave.[43]

22. We find clear and convincing evidence 1842 Ridge Ave. disobeyed the October 10, 2024 Order including CONOCO trade dress remains visible at the gas station as recently as yesterday as shown in admitted Exhibit 3.

23. 1842 Ridge Ave. is in contempt of our October 10, 2024 Order and has been afforded fulsome due process.

**IV.  Conclusion**

We grant Phillips 66's motion for contempt allowing it, together with its representatives, to enter the property, remove and/or cover up the enjoined trademarks with the aid of the United States Marshal Service if necessary.

---

[1] ECF 1 ¶¶ 20–26.

[2] *Id.* ¶¶ 6–19.

[3] *Id.* ¶¶ 21–23.

[4] *Id.* ¶ 3 (citing 15 U.S.C. § 1051 *et seq.*).

[5] ECF 4.

[6] ECF 6.

[7] ECF 9.

---

[8] ECF 11.

[9] ECFs 12, 13, 16.

[10] ECF 14.

[11] ECF 15.

[12] ECF 17.

[13] ECF 15.

[14] ECF 19.

[15] *Id.*

[16] *Id.*

[17] ECFs 20-2, 20-3, 20-4.

[18] *Id.*

[19] ECF 20 and attachments.

[20] *Id.*

[21] ECF 21.

[22] ECF 22.

[23] ECF 1 ¶ 20.

[24] ECF 4.

[25] ECF 23, Testimony of Mr. Drobny, December 10, 2024 evidentiary hearing.

[26] *Id.*

[27] *Id.*

[28] *Id.*; ECF 19.

[29] ECF 23, Testimony of Mr. Drobny, December 10, 2024 evidentiary hearing.

[30] *Id.*

---

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911)).

[35] *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994) (quoting *McDonald's Corp. v. Victory Investments*, 727 F.2d 82, 87 (3d Cir. 1984)).

[36] *John T. ex rel. Paul T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (quoting *Harris v. City of Phila.*, 47 F.3d 1311, 1326 (3d Cir. 1995)).

[37] *Id.*

[38] *Harris*, 47 F.3d at 1322 (quoting *Newton v. A.C. & S. Inc.*, 918 F.2d 1121, 1127 & n.5 (3d Cir. 1990)).

[39] *Roe v. Operation Rescue*, 920 F.2d 213, 218 (3d Cir. 1990).

[40] *Id.*

[41] *John T. ex rel. Paul T.*, 318 F.3d at 552.

[42] ECF 19.

[43] ECF 20 and attachments.